UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTMARK NATIONAL BANK; BENNIE BUTTS; JUD WATKINS; SOUTHERN BANCORP BANK; and RIVERHILLS BANK,<br><br>Defendants. | Case No. 3:19-cv-00941<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

## RECEIVER'S RESPONSE IN SUPPORT OF
## MOTION FOR LEAVE TO FILE EXCESS PAGES

Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), through undersigned counsel, responds briefly to Defendant Southern Bancorp's limited objection to her motion for leave to file with excess pages her brief in opposition to the motions to dismiss filed by Defendants Southern Bancorp Bank; Bennie Butts; RiverHills Bank; and Trustmark National Bank.[1]

Every defendant except Southern Bancorp consents to the Receiver's filing a single brief instead of four.

The Receiver asked to file a single brief instead of four because it is more efficient for everyone, including the Court. Because it actually cuts the number of pages the Receiver devotes to this matter by more than half, it does not give her an unfair advantage.

---

[1] Doc. 43 (Receiver's motion for leave); Doc. 46 (Southern Bancorp's limited objection).

The Receiver has filed a single brief instead of a several in other of her cases: see Doc. 54 in *Alysson Mills v. BankPlus, et al.* and Doc. 43 in *Alysson Mills v. The UPS Store Inc., et al*. The arguments in those cases, as in this case, overlapped.

As is her practice, even in a single brief the Receiver addresses each defendant separately, to the extent a defendant raises a separate argument. While the Receiver might choose to address all arguments in one brief for efficiency's sake, each defendant still gets to file its own reply brief. If Southern Bancorp finds the Receiver's brief lacking, it will have an opportunity to itself tell the Court.

May 20, 2020

Respectfully submitted,

*/s/ Lilli Evans Bass*

BROWN BASS & JETER, PLLC
Lilli Evans Bass, Miss. Bar No. 102896
1755 Lelia Drive, Suite 400
Jackson, Mississippi 39216
Tel: 601-487-8448
Fax: 601-510-9934
bass@bbjlawyers.com
*Receiver's counsel*

*/s/ Kristen D. Amond*

FISHMAN HAYGOOD, LLP
*Admitted pro hac vice*
Brent B. Barriere, *Primary Counsel*
Kristen D. Amond
Rebekka C. Veith
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5253
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
kamond@fishmanhaygood.com
rveith@fishmanhaygood.com
*Receiver's counsel*

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

Date:   May 20, 2020                                                 */s/ Kristen D. Amond*