UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTMARK NATIONAL BANK; BENNIE BUTTS; JUD WATKINS; SOUTHERN BANCORP BANK; and RIVERHILLS BANK,<br><br>Defendants. | Case No. 3:19-cv-00941<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

## RECEIVER'S OPPOSITION TO
## MOTION TO CERTIFY INTERLOCUTORY APPEAL

Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), through undersigned counsel, opposes the Motion to Certify Order for Interlocutory Appeal filed by Trustmark National Bank[1] and joined by Trustmark's co-defendants.[2]

---

[1] Doc. 69.

[2] Docs. 71 (Bennie Butts), 72 (RiverHills Bank), 73 (Southern Bancorp Bank).

## INTRODUCTION

On March 1, 2021 this Court denied Trustmark's motion to dismiss the Receiver's complaint and ordered the parties to schedule a case management conference.[3] The parties ought to be setting deadlines for discovery and picking a date for trial. Instead, Trustmark wants to appeal the Court's order.

Defendants such as Trustmark file motions to dismiss every day, and every day courts deny them. Defendants have no right to appeal such orders, absent extraordinary circumstances. Here, the legal precedent is clear; Trustmark simply disagrees with it. That is nothing extraordinary.

"The decision to permit such an appeal is within the district court's sound discretion." *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). For the reasons stated below, this Court should deny Trustmark's motion to certify its order for interlocutory appeal.

## LAW

"Certification of an interlocutory appeal under section 1292(b) is only appropriate when: (1) the order from which the appeal is taken involves a 'controlling question of law'; (2) there is a 'substantial ground for difference of opinion' concerning the issue; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Coates*, 919 F. Supp. 2d at 867 (quoting 28 U.S.C. § 1292(b)). None of these factors is present here. The Receiver addresses each in turn.

---

[3] Doc. 67.

### (1) Controlling question of law

The controlling question of law, as articulated by Trustmark, is whether state law governs a federal receiver's state-law claims.

That question, however, is not disputed. The Receiver agrees that state law governs her state-law claims. That is why she has referred the Court and the parties to applicable Mississippi law throughout these proceedings.

Trustmark's real complaint is that this Court did not specifically address the U.S. Supreme Court's opinion in *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79 (1994), in its order denying Trustmark's motion to dismiss. According to Trustmark, *O'Melveny* holds that state law governs a federal receiver's state-law claims, therefore this Court may look to state law solely in assessing the merits of the Receiver's state-law claims.

Trustmark makes far too much out of *O'Melveny* in a transparent attempt to manufacture an issue for appeal. *O'Melveny* is not a seminal case for present purposes; it involved an F.D.I.C. receivership, and it was not a Ponzi scheme case. The Receiver does not dispute the proposition for which Trustmark cites *O'Melveny*—of course state law governs a federal receiver's state-law claims—but nothing in *O'Melveny* requires that it be specially observed here. There is no conflict with *O'Melveny* to reconcile. Indeed, to the Receiver's knowledge, the Fifth Circuit has never even mentioned *O'Melveny* in any of its (now several) opinions involving federal equity receivers in Ponzi scheme cases such as this. That fact is not an error of omission, as Trustmark would have it, but instead indicative of the obviousness of the proposition for which *O'Melveny* stands. This Court's failure to specifically address *O'Melveny* in its order denying Trustmark's motion to dismiss does not create a disputed "controlling question of law."

### *(2) Substantial ground for difference of opinion*

"The threshold for establishing the 'substantial ground for difference of opinion' . . . required for certification pursuant to § 1292(b) is a high one." *Louisiana State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, No. 19-cv-479-JWD-SDJ, 2020 WL 6130747, at *9 (M.D. La. Oct. 19, 2020) (quoting *S. U.S. Trade Ass'n v. Unidentified Parties*, No. 10-cv-1669, 2011 WL 2790182, at *2 (E.D. La. July 14, 2011) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002))). "Of the three criteria, this one 'has caused [courts] the least difficulty' and 'judges have not been bashful about refusing to find substantial reason to question a ruling of law.'" *Coates*, 919 F. Supp. 2d at 868 (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure, § 3930 at 492 (3d ed. 2012)).

Trustmark argues that this Court erred by looking to Fifth Circuit precedent, and not Mississippi law solely, in assessing the Receiver's standing and Trustmark's *in pari delicto* doctrine and wrongful conduct rule defenses. Trustmark is simply wrong. This Court did look to Fifth Circuit precedent, but not improperly and not to the exclusion of Mississippi law.

*The Receiver's standing*

In assessing the Receiver's standing, this Court relied primarily on the Fifth Circuit's opinion in *Zacarias v. Stanford International Bank*, 945 F.3d 883 (5th Cir. 2019), because that case presented the same essential facts as here. The Fifth Circuit readily concluded there was "no dispute" that the receiver in *Zacarias* had standing. If the Fifth Circuit's opinion in *Zacarias* was not clear enough, in *Rotstain v. Mendez*, 986 F.3d 931 (5th Cir. 2021), another case presenting the same essential facts as here, the Fifth Circuit reiterated: the receiver in *Rotstain* had standing—including, specifically, standing to "recover[] for injury to the [receivership estate] entities in the

form of the entities' additional liability to investors due to Defendants' conduct." *Rotstain*, 986 F.3d at 941.

Contrary to Trustmark's assertion, the Fifth Circuit's opinions are neither "confusing" nor "conflicting." *Zacarias* and *Rotstain* are perfectly clear. If they are "inconsistent" with *Latitude Sols., Inc. v. DeJoria*, 922 F.3d 690 (5th Cir. 2019), it is because that case plainly was different. Among other things, *DeJoria* was not a Ponzi scheme case.[4]

The Fifth Circuit did not look to state law for its holdings in either *Zacarias* or *Rotstain*, or even *DeJoria*. Surely this Court did not err in failing to do what the Fifth Circuit did not do. Surely this Court did not err in simply applying the Fifth Circuit's holdings to a case which presents the same essential facts. *O'Melveny* does not remotely suggest that either the Fifth Circuit or this Court erred. The word "standing" does not even appear in *O'Melveny*.

Trustmark does not point to any state-law authority which would hold that the Receiver lacks standing. It cannot. Mississippi's courts are *more permissive* in granting standing. Whereas federal courts must "adhere to a stringent definition of standing based on the United States Constitution, art. III, § II," and thereby "limit review to actual 'cases and controversies,'" Mississippi courts are not so restricted. *Van Slyke v. Bd. of Trustees of State Institutions of Higher Learning*, 613 So. 2d 872, 875 (Miss. 1993) ("The Mississippi Constitution, however, contains no such restrictive language."). *See also* Miss. Const. art. III § 24 ("All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay . . . "). Standing in Mississippi courts is *more liberal* than in federal courts. The Receiver's standing under Mississippi law is even *clearer* than under *Zacarias* and *Rotstain*.

---

[4] Judge Southwick, who sat on both the *DeJoria* and *Rotstain* panels, apparently was not confused.

*Trustmark's* in pari delicto *doctrine and wrongful conduct rule defenses*

In assessing Trustmark's *in pari delicto* doctrine and wrongful conduct rule defenses, this Court referred to the Fifth Circuit's opinion in *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955 (5th Cir. 2012), because, again, it presented the same essential facts as here. But this Court did not rely on *Jones* to the exclusion of Mississippi law. This Court was clear that Trustmark's *in pari delicto* doctrine and wrongful conduct rule defenses are equitable defenses and are "controlled by state common law." *E.g.*, Doc. 67 at 18 ("*In pari delicto* is an equitable, affirmative defense, which is controlled by state common law." (quoting *Jones*, 666 F.3d at 965)). In holding that the defenses did not warrant dismissal, this Court quoted the Mississippi Supreme Court: courts "may wisely refuse to assist in adjusting equities between persons who have been engaged in an unlawful action." *See* Doc. 67 at 19 (quoting *Western Union Telegraph Co. v. McLaurin*, 66 So. 739, 740 (Miss. 1914)); *see also id.* (quoting *Price v. Purdue Pharma Co.*, 920 So. 2d 479, 484 (Miss. 2006)).

Trustmark might disagree with this Court's holding, but it does not point to any contrary state-law authority. It cannot. Trustmark's *in pari delicto* doctrine and wrongful conduct rule defenses—both variants of the unclean hands doctrine—protect the public, not Trustmark. Trustmark is not entitled to dismissal merely because it invokes an equitable defense. An equitable defense is not automatic. Mississippi courts apply equity when "sound public policy" calls for it. *See Cole v. Hood*, 371 So. 2d 861, 864 (Miss. 1979) ("[I]t is the duty of the court to apply it, on the basis of a sound public policy."); *Thigpen v. Kennedy*, 238 So. 2d 744, 747 (Miss. 1970) ("The fact that the parties in this case are *in pari delicto* does not aid appellee. The maxim is not invoked for the benefit of the parties to a fraudulent transaction, but rests upon the proposition that society must be protected."); *Morrissey v. Bologna*, 123 So. 2d 537, 543 (Miss. 1960) ("Even where the

contracting parties are *in pari delicto*, the courts may interfere from motives of public policy."); *Hall v. Bowman*, 749 So. 2d 182, 184 (Miss. Ct. App. 1999) ("A court of equity considers results rather than the means by which they are obtained." (quoting *Savage v. Dowd*, 54 Miss. 728, 732 (1877)). Applying Trustmark's equitable defenses here would punish the innocent investors who are the beneficiaries of the Receivership Estate and reward Trustmark, Lamar Adams's co-conspirator and aider and abettor. In other words, applying Trustmark's equitable defenses here would be *inequitable*, *see e.g.*, *Cole*, 371 So. 2d at 864 ("Courts of equity do not countenance iniquity nor give it sanctuary . . . ")—against public policy therefore against Mississippi law.[5]

*There is no substantial ground for difference of opinion*

A substantial ground for difference of opinion exists "'if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the

---

[5] For what it is worth, even though Trustmark conveniently omits it, *O'Melveny* stands for this proposition, too. On remand the Ninth Circuit, at the U.S. Supreme Court's instruction, applied state law to that receiver's claims, and rejected the defendants' equitable defenses:

> While we find it a closer question under state law than under federal law, we nevertheless conclude that the FDIC is not barred by certain equitable defenses O'Melveny could have raised against ADSB. We recognize that, in general, "[a] receiver occupies no better position than that which was occupied by the person or party for whom he acts . . . and any defense good against the original party is good against the receiver." *Allen v. Ramsay*, 179 Cal.App.2d 843, 854, 4 Cal. Rptr. 575 (1960). However, this rule is subject to exceptions; defenses based on a party's unclean hands or inequitable conduct do not generally apply against that party's receiver. *See Camerer v. California Sav. & Commercial Bank*, 4 Cal.2d 159, 170–71, 48 P.2d 39 (1935). While a party may itself be denied a right or defense on account of its misdeeds, there is little reason to impose the same punishment on a trustee, receiver or similar innocent entity that steps into the party's shoes pursuant to court order or operation of law. Moreover, when a party is denied a defense under such circumstances, the opposing party enjoys a windfall. This is justifiable as against the wrongdoer himself, not against the wrongdoer's innocent creditors.

*F.D.I.C. v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995).

point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Coates*, 919 F. Supp. 2d at 868 (quoting 4 Am. Jur. 2d *Appellate Review* § 123 (2012) and citing cases). None of these circumstances is present here.

Given the foregoing, there can be no substantial ground for difference of opinion on the questions of either the Receiver's standing or Trustmark's *in pari delicto* doctrine and wrongful conduct rule defenses. This Court ruled in a manner consistent with, not contrary to, Mississippi law. It also faithfully followed the Fifth Circuit, which itself has ruled on the same questions in cases presenting the same essential facts as here. The questions are not novel and difficult questions of first impression.

Trustmark stretches to assert, with no real explanation, that there exists an "inter-circuit split." In a footnote, Trustmark cites two opinions, one each from the Second and Eleventh Circuits. Those opinions address cases for which New York law and Florida law, respectively, directly answered the questions presented. No one purports to rely on New York law or Florida law here. If there is any "inter-circuit split" on any question of New York law or Florida law, it does not affect this case.

### (3) *Material advancement of ultimate termination of litigation*

Because this Court ruled in a manner consistent with, not contrary to, Mississippi law, and also faithfully followed the Fifth Circuit, Trustmark's appeal likely will be unsuccessful. It will not materially advance the ultimate termination of litigation, but it will waste the parties' and the courts' time and resources.[6]

---

[6] Even if Trustmark were correct that the Receiver's claims fail for the reasons it argues in its motion, the Receiver's claims would remain to the extent she asserts them in her capacity as holder of assignments made by investors. An appeal would not eliminate the need for trial. *See, e.g.*, *Coates*, 919 F. Supp. 2d at 867 ("The Fifth Circuit has held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact.") (citation omitted).

## CONCLUSION

Interlocutory appeal is not appropriate here. Trustmark disagrees with the law, but it cannot point to an error, much less an error so extraordinary that it cannot wait for final judgment. This Court should deny Trustmark's motion to certify its order for interlocutory appeal.

March 31, 2021

Respectfully submitted,

/s/ Lilli Evans Bass

Lilli Evans Bass, Miss. Bar No. 102896
BROWN BASS & JETER, PLLC
1755 Lelia Drive, Suite 400
Jackson, Mississippi 39216
Tel: 601-487-8448
Fax: 601-510-9934
bass@bbjlawyers.com

/s/ Kristen D. Amond

Brent B. Barriere, *admitted pro hac vice*
FISHMAN HAYGOOD LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5252
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
*Primary Counsel*

Kristen D. Amond, *admitted pro hac vice*
MILLS & AMOND LLP
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
Tel: 504-383-0332
Fax: 504-733-7958
kamond@millsamond.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

Date:   March 31, 2021                                         */s/ Kristen D. Amond*