IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*                               **PLAINTIFF**

V.                                                           **CAUSE NO. 3:19-CV-941-CWR-FKB**

**TRUSTMARK NATIONAL BANK; BENNIE BUTTS; JUD WATKINS; SOUTHERN BANCORP BANK; & RIVERHILLS BANK**                          **DEFENDANTS**

## ORDER

Before the Court is Trustmark National Bank's motion to certify the March 1, 2021 Order [Docket No. 67] for an immediate appeal pursuant to 28 U.S.C. § 1292(b). Docket No. 69.

The law is well-established:

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (denying leave to appeal). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability." *Id.* at 68 (citation omitted).

On review, the Court appreciates Trustmark's acknowledgment that at first glance, the Fifth Circuit's authorities on this subject appear "confusing" if not "conflicting." Docket No. 70 at 3 (referencing, in part, *Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 891 (5th Cir. 2019)). It also shares Trustmark's preference for an expanded Mississippi Rule of Appellate Procedure 20. *See id.* at 5 n.7. After sitting with Trustmark's arguments and authorities, however, the Court must respectfully disagree with the relief it seeks in the present motion.

First, the undersigned is not entirely persuaded that there is a substantial difference of opinion on the salient legal questions—which here are questions of state law. "It is well settled that Mississippi's standing requirements are quite liberal compared to the standing requirements set out in Article III of the United States Constitution." *SASS Muni-V, LLC v. DeSoto Cty.*, 170 So. 3d 441, 445–46 (Miss. 2015) (quotation marks and citation omitted). And Mississippi's wrongful conduct rule turns on equities that at present are unknown because there has been no discovery. The Court invites Trustmark to renew its equity-based arguments at the summary judgment stage. *See, e.g.*, *Mayfield v. Butler Snow*, No. 3:17-CV-514-CWR-FKB, Docket No. 444 (S.D. Miss. May 19, 2021) (finding fact-bound questions inappropriate for resolution on the pleadings, yet granting the defendant's motion for summary judgment on the evidence).

Second, the Court is not persuaded that review would materially advance the termination of the litigation. That is because the March 1 Order entirely avoided the Receiver's alternate theory of standing—that she can bring these claims based on assignments she received from victims. The Order instead limited itself to a pure application of *Zacarias*. The Court therefore has serious doubt that even a favorable ruling for Trustmark would result in a case that is "significantly reduced and focused," as it argues today. Docket No. 70 at 7.

This Court has certified close questions before, *see Greenwich Ins. Co. v. Miss. Windstorm Underwriting Ass'n*, No. 3:14-CV-190-CWR-LRA, Docket No. 83 (S.D. Miss. 11, 2015) (certifying a preemption question after a ruling on summary judgment), and expects to do so again. It does not believe that the present arguments are enough to overcome the high legal standard. Accordingly, the motion is denied.

**SO ORDERED**, this the 20th day of May, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
